**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4514**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RICARDO O. CURRY, II,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (1:12-cr-00163-WDQ-1)

_____

Submitted: May 30, 2014                Decided: June 5, 2014

_____

Before SHEDD and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Lee Ann Anderson McCall, Amanda F. Davidoff, Elizabeth A. Cassady, Jared P. Roscoe, James H. Congdon, SULLIVAN & CROMWELL LLP, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Gregory R. Bockin, David I. Sharfstein, Assistant United States Attorneys, Hannah E. Logue, Student Law Clerk, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ricardo O. Curry, II, was convicted following a jury trial of two counts of aiding in the preparation of a fraudulent tax return, in violation of 26 U.S.C. § 7206(2) (2012), four counts of bankruptcy fraud, in violation of 18 U.S.C. §§ 157(2), 2 (2012), four counts of falsification of records in bankruptcy, in violation of 18 U.S.C. §§ 1519, 2 (2012), and making false statements in connection with a bankruptcy case, in violation of 18 U.S.C. §§ 152(2), 2 (2012). Curry received a total sentence of eighty-seven months' imprisonment. On appeal, Curry argues that the district court (1) erred in determining that he knowingly, intelligently, and voluntarily waived his Sixth Amendment right to counsel; and (2) failed to adequately protect his due process rights. We affirm.

The Sixth Amendment guarantees criminal defendants the right to counsel, and, if indigent, the right to appointed counsel. Gideon v. Wainwright, 372 U.S. 335, 344-45 (1963); Johnson v. Zerbst, 304 U.S. 458, 462-63 (1938). The Sixth Amendment's guarantee of counsel also "necessarily implies the right of self-representation." Faretta v. California, 422 U.S. 806, 832 (1975). The right to self-representation "must be preserved even if the court believes that the defendant will benefit from the advice of counsel." United States v. Singleton, 107 F.3d 1091, 1095-96 (4th Cir. 1997).

2

This Court reviews de novo a district court's determination that a defendant has waived his Sixth Amendment right to counsel. Id. at 1097 n.3. A defendant who asserts the right of self-representation must do so (1) clearly and unequivocally; (2) knowingly, intelligently, and voluntarily; and (3) in a timely fashion. United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000). "The requirement that the assertion be clear and unequivocal is necessary to protect against an inadvertent waiver of the right to counsel by a defendant's occasional musings," and "prevents a defendant from taking advantage of and manipulating the mutual exclusivity of the rights to counsel and self-representation." United States v. Bush, 404 F.3d 263, 271 (4th Cir. 2005) (internal quotation marks omitted).

A defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open." Faretta, 422 U.S. at 835 (internal quotation marks omitted). "The determination of whether there has been an intelligent waiver of right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused." Johnson, 304 U.S. at 464; see Singleton, 107 F.3d at 1097-98.

3

We conclude that the district court did not err in granting Curry's request to waive counsel and proceed pro se. Our review of the record demonstrates that Curry clearly and unequivocally asserted his right to self-representation. Throughout the proceedings, Curry never requested the appointment of counsel and did not avail himself of standby counsel but remained adamant about his desire to represent himself.

Curry's election to proceed pro se was also knowing, intelligent, and voluntary. The record reflects that at the time he waived his right to counsel, Curry understood the legal proceedings and was aware of the nature of the charges against him and the penalties he faced if convicted. On multiple occasions, Curry was informed of the disadvantages of self-representation and was advised to obtain counsel. Despite these safeguards, he elected to proceed pro se.

Curry also argues that the district court erred in failing to sua sponte terminate his self-representation when it became apparent during the trial that he would not participate in the proceeding. Although a "trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct," Faretta, 422 U.S. at 834 n.46, Curry's failure to effectively defend himself did not significantly obstruct or disrupt the trial proceedings.

4

Moreover, "a criminal defendant's ability to represent himself has no bearing upon his competence to choose self-representation." Godinez v. Moran, 509 U.S. 389, 400 (1993). "[A]lthough [a defendant] may conduct his own defense ultimately to his own detriment, his choice must be honored out of that respect for the individual which is the lifeblood of the law." Faretta, 422 U.S. at 834. Therefore, the adequacy of Curry's performance during trial has no bearing on the fact that his waiver of counsel was knowing, intelligent, and voluntary.

Next, Curry contends that he was denied his right to a fair trial under the Due Process Clause. "[T]he right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations." Montana v. Egelhoff, 518 U.S. 37, 52 (1996). While Curry opted not to participate in the jury selection, call witnesses or present evidence, or make objections during trial, the district court provided Curry every opportunity to defend against the charges, including the opportunity to cross-examine witnesses and to testify in his own defense, and provided him the benefit of standby counsel.

Because these procedural safeguards were available to Curry, he was afforded the protections of the due process of the law. His refusal to take advantage of those protections is not equivalent to their denial. Again, while Curry "conduct[ed] his

5

own defense ultimately to his own detriment," <u>Faretta</u>, 422 U.S. at 834, the district court honored his choice by abstaining from interfering with his right to self-representation. We therefore conclude that Curry has not demonstrated that the district court's conduct resulted in an unfair trial.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>